# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| WILLIAM LEWIS, | *    No. 21-1298V |
| Petitioner, | * |
| v. | *    Special Master Christian J. Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *    Filed: October 22, 2024 |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Jessica Wallace, Siri & Glimstad, LLP, Aventura, FL, for petitioner; Katherine Esposito, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DEFERRING ADJUDICATION OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

    William Lewis alleges that a meningococcal vaccine caused him to develop Guillain-Barré syndrome. Pet., filed Apr. 30, 2021. The parties have developed evidence, particularly opinions from experts on this topic.

    Mr. Lewis requests an award of attorneys' fees and costs on an interim basis as the Vaccine Act allows. Pet'rs' Mot., filed Feb. 23, 2024; see Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008). The Secretary deferred to the undersigned's assessment. Resp't's Resp., filed Feb. 24, 2024.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Although awards of attorneys' fees and costs are available in the Vaccine Program, petitioners do not have a right to an interim award. Petitioners, at a minimum, must establish the good faith and reasonable basis for their claims. Then, special masters have discretion to consider whether the circumstances warrant an interim award. Finally, special masters must determine a reasonable amount of attorneys' fees and costs. Avera, 515 F.3d 1343.

According to the Federal Circuit, a "special master may determine that she cannot assess the reasonableness of certain fee requests prior to considering the merits of the vaccine injury claim." Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1377 (Fed. Cir. 2010). The parties are planning to argue their positions regarding the merits of the case through briefs. Order, issued Oct. 18, 2024.

The undersigned recognizes that "[d]eferring consideration of attorneys' fees and costs until a decision on the merits is effectively a denial of interim fees." Shaw, 609 F.3d at 1378. By this logic, Mr. Lewis's February 23, 2024 motion is denied. However, Mr. Lewis may ultimately be awarded a reasonable amount of attorneys' fees and costs (for the time and work requested in the present interim motion) based upon a future motion. Thus, this "denial" of the motion is more akin to deferring its resolution to a later, more appropriate time in this case.

Any questions regarding this order may be directed to my law clerk, Josh Baker, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master